**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED
*June 24, 2025*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. **4:25-cr-00333** |
| | § | |
| LEOPOLDO PERRAULT BENITEZ, | § | |
| ANTHONY BENITEZ, | § | |
| ISAAC ALBERTO SIERRA and | § | **UNDER SEAL** |
| JOSE ANGEL MUNIZ, Jr. | § | |

**INDICTMENT**

The Grand Jury charges:

**INTRODUCTION**

At all times material to this Indictment:

1. Defendant **Leopoldo Perrault BENITEZ** is a bail bondsman licensed by the State of Texas and operating through multiple offices in the Houston, Texas area as A Way Out Bail Bonds. The main office for A Way Out Bail Bonds is located at 1601 Congress Street, Houston, Texas. **Leopoldo Perrault BENITEZ** provides bonds to persons arrested and charged with crimes who are awaiting trial in the Houston, Texas area. This service is provided to those charged in local, state and federal courts.

2.    Defendant **Anthony BENITEZ** is employed by **Leopoldo BENITEZ** to operate a second location for A Way Out Bail Bonds located at 1521 Bingle Road, Houston, Texas and is an agent of A Way Out Bail Bonds.

3.    Isaac Alberto **SIERRA** is associated with International Bonding Co., located at 1001 North San Jacinto Street, Houston, Texas. The bail bonds license for International Bonding Co. is held by Vanessa Failla, and **SIERRA** acts as an agent of International Bonding Co.

4.    Texas Occupational Code, § 1704.00, offers the following definitions:

(1) "Bail bond" means a cash deposit, or similar deposit or written undertaking, or a bond or other security, given to guarantee the appearance of a defendant in a criminal case.

(2) "Bail bond surety" means a person who:

(A) executes a bail bond as a surety or co-surety for another person; or

(B) for compensation deposits cash to ensure the appearance in court of a person accused of a crime.

(3) "Board" means a county bail bond board.

(4) "Bonding business" or "bail bond business" means the solicitation, negotiation, or execution of a bail bond by a bail bond surety.

2

5.   Title 8, United States Code, § 1101, defines an alien as any person not a citizen or national of the United States.

6.   An immigration detainer (Form I-247) is a notice that the Department of Homeland Security issues to federal, state and local law enforcement agencies to inform those law enforcement agencies that Immigration and Customs Enforcement (ICE) intends to assume custody of an individual in their custody.

7.   An immigration detainer serves three key functions: 1) to notify law enforcement agencies that ICE intends to assume custody of an alien in their custody once the alien is no longer subject to the law enforcement agencies' detention; 2) to request information from law enforcement agencies about an alien's impending release so ICE may assume custody before the alien is released from their custody; and 3) to request that the law enforcement agencies maintain custody of an alien who would otherwise be released for a period not to exceed 48 hours (excluding Saturdays, Sundays, and holidays) to provide ICE time to assume custody. This request flows from federal regulations at 8 C.F.R. § 287.7, which arises from the Secretary's power under the Immigration and Nationality Act (INA) § 103(a)(3), 8 U.S.C. 1103(a)(3), to issue "regulations … necessary to carry out [her] authority" under the INA, and from ICE's general authority to detain individuals who are subject to removal or removal proceedings.

3

## COUNT 1:

### Bribery – 18 U.S.C. §§ 201(b)(1)

8.  Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

9.  From at least on or about April 21, 2021 to April 30, 2021, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**LEOPOLDO PERRAULT BENITEZ,**

defendant herein, did directly and indirectly, corruptly give, offer and promise a thing of value to a public official, to wit: United States currency to an Immigration and Customs Enforcement Deportation Officer with intent to influence an official act, to wit: the removing of the immigration detainer on an alien who was illegally and unlawfully present in the United States.

In violation of Title 18, United States Code, § 201(b)(1)(A).

## COUNT 2

### Accepting a Bribe – 18 U.S.C. § 201(b)(2)(C)

10.  Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

11.  From at least on or about April 21, 2021 to April 30, 2021, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**JOSE ANGEL MUNIZ JR.,**

a Deportation Officer for Immigration and Customs Enforcement, of

4

the United States Department of Homeland Security, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty, that is accepting United States currency in exchange for lifting an immigration detainer on an alien who was illegally and unlawfully present in the United States.

All in violation of Title 18, United States Code, § 201(b)(2)(C).

## COUNT 3

### Bribery – 18 U.S.C. § 201(b)(1)

12. Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

13. From at least on or about March 6, 2022 to on or about March 26, 2022, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**LEOPOLDO PERRAULT BENITEZ**,

defendant herein, did directly and indirectly, corruptly give, offer and promise a thing of value to a public official, to wit: United States currency to an Immigration and Customs Enforcement Deportation Officer with intent to influence an official act, to wit: the removing of the immigration detainer on an alien who was illegally and unlawfully present in the United States.

In violation of Title 18, United States Code, § 201(b)(1)(A).

5

## COUNT 4

### Accepting a Bribe – 18 U.S.C. § 201(b)(2)(C)

14. Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

15. From at least on or about March 6, 2022 to on or about March 26, 2022, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**JOSE ANGEL MUNIZ JR.,**

a Deportation Officer for Immigration and Customs Enforcement, of the United States Department of Homeland Security, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty, that is accepting United States currency in exchange for lifting an immigration detainer on an alien who was illegally and unlawfully present in the United States.

All in violation of Title 18, United States Code, § 201(b)(2)(C).

## COUNT 5

### Aiding and Abetting Bribery – 18 U.S.C. §§ 201(b)(1) and 2

16. Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

6

17. From at least on or about April 21, 2022 to on or about May 15, 2022, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**LEOPOLDO PERRAULT BENITEZ**

**and**

**ISAAC SIERRA,**

defendants herein, did directly and indirectly, corruptly give, offer and promise a thing of value to a public official, to wit: United States currency to an Immigration and Customs Enforcement Deportation Officer with intent to influence an official act, to wit: the removing of the immigration detainer on an alien who was illegally and unlawfully present in the United States.

In violation of Title 18, United States Code, § 201(b)(1)(A) and 2.

## COUNT 6

### Accepting a Bribe – 18 U.S.C. § 201(b)(2)(C)

18. Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

19. From at least on or about April 21, 2022 to on or about May 15, 2022, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**JOSE ANGEL MUNIZ JR.,**

a Deportation Officer for Immigration and Customs Enforcement, of the United States Department of Homeland Security, directly and

7

indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty, that is accepting United States currency in exchange for lifting an immigration detainer on an alien who was illegally and unlawfully present in the United States.

All in violation of Title 18, United States Code, § 201(b)(2)(C).

## COUNT 7

### Bribery – 18 U.S.C. § 201(b)(1)

20. Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

21. From at least on or about July 15, 2022, to on or about August 11, 2022, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**LEOPOLDO PERRAULT BENITEZ**,

defendant herein, did directly and indirectly, corruptly give, offer and promise a thing of value to a public official, to wit: United States currency to an Immigration and Customs Enforcement Deportation Officer with intent to influence an official act, to wit: the removing of the immigration detainer on an alien who was illegally and unlawfully present in the United States.

In violation of Title 18, United States Code, § 201(b)(1)(A).

8

## COUNT 8

### Accepting a Bribe – 18 U.S.C. § 201(b)(2)(C)

22. Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

23. From at least on or about July 15, 2022, to on or about August 11, 2022, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**JOSE ANGEL MUNIZ JR.,**

a Deportation Officer for Immigration and Customs Enforcement, of the United States Department of Homeland Security, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty, that is accepting United States currency in exchange for lifting an immigration detainer on an alien who was illegally and unlawfully present in the United States.

All in violation of Title 18, United States Code, § 201(b)(2)(C).

## COUNT 9

### Bribery – 18 U.S.C. § 201(b)(1)

24. Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

9

25. From at least on or about December 26, 2022, to on or about January 11, 2023, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**LEOPOLDO PERRAULT BENITEZ,**

defendant herein, did directly and indirectly, corruptly give, offer and promise a thing of value to a public official, to wit: United States currency to an Immigration and Customs Enforcement Deportation Officer with intent to influence an official act, to wit: the removing of the immigration detainer on an alien who was illegally and unlawfully present in the United States.

In violation of Title 18, United States Code, § 201(b)(1)(A).

## COUNT 10

### Accepting a Bribe – 18 U.S.C. § 201(b)(2)(C)

26. Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

27. From at least on or about December 26, 2022, to on or about January 11, 2023, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**JOSE ANGEL MUNIZ JR.,**

a Deportation Officer for Immigration and Customs Enforcement, of the United States Department of Homeland Security, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of

10

his official duty, that is accepting United States currency in exchange for lifting an immigration detainer on an alien who was illegally and unlawfully present in the United States.

All in violation of Title 18, United States Code, § 201(b)(2)(C).

## COUNT 11

**Aiding and Abetting Bribery – 18 U.S.C. §§ 201(b)(1) and 2**

28. Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

29. From at least on or about December 13, 2022, to on or about December 14, 2022, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**LEOPOLDO PERRAULT BENITEZ**

**and**

**ISAAC ALBERTO SIERRA**

defendants herein, did directly and indirectly, corruptly give, offer and promise a thing of value to a public official, to wit: United States currency to an Immigration and Customs Enforcement Deportation Officer with intent to influence an official act, to wit: the removing of the immigration detainer on an alien who was illegally and unlawfully present in the United States.

In violation of Title 18, United States Code, § 201(b)(1)(A) and 2.

## COUNT 12

### Accepting a Bribe – 18 U.S.C. § 201(b)(2)(C)

30.  Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

31.  From at least on or about December 13, 2022, to on or about December 14, 2022, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**JOSE ANGEL MUNIZ JR.,**

a Deportation Officer for Immigration and Customs Enforcement, of the United States Department of Homeland Security, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty, that is accepting United States currency in exchange for lifting an immigration detainer on an alien who was illegally and unlawfully present in the United States.

All in violation of Title 18, United States Code, § 201(b)(2)(C).

## COUNT 13

### Aiding and Abetting Bribery – 18 U.S.C. §§ 201(b)(1) and 2

32.  Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

12

33. From at least on or about March 31, 2023, to on or about May 29, 2023, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**LEOPOLDO PERRAULT BENITEZ**

**and**

**ANTHONY BENITEZ,**

defendants herein, did directly and indirectly, corruptly give, offer and promise a thing of value to a public official, to wit: United States currency to an Immigration and Customs Enforcement Deportation Officer with intent to influence an official act, to wit: the removing of the immigration detainer an alien who was illegally and unlawfully present in the United States.

In violation of Title 18, United States Code, § 201(b)(1)(A) and 2.

## COUNT 14

**Accepting a Bribe – 18 U.S.C. § 201(b)(2)(C)**

34. Paragraphs 1 through 7 of this Indictment are re-alleged as if fully set forth herein.

35. From at least on or about March 31, 2023, to on or about May 29, 2023, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**JOSE ANGEL MUNIZ JR.,**

a Deportation Officer for Immigration and Customs Enforcement, of the United States Department of Homeland Security, directly and

13

indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty, that is accepting United States currency in exchange for lifting an immigration detainer on an alien who was illegally and unlawfully present in the United States.

All in violation of Title 18, United States Code, § 201(b)(2)(C).

A TRUE BILL:

Original Signature on File
_____
FOREPERSON OF THE GRAND JURY

NICHOLAS GANJEI
United States Attorney


*Richard D. Hanes*
_____
RICHARD D. HANES
Assistant United States Attorney