UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. H-25-333 |
| | § | |
| V. | § | JUDGE ANDREW S. HANEN |
| | § | |
| ISAAC ALBERTO SIERRA, et al., | § | **UNDER SEAL** |
| Defendants. | § | |

**GOVERNMENT'S NOTICE OF DEPORTATION**

COMES NOW, the United States of America, by and through Richard D. Hanes, Assistant United States Attorney for the Southern District of Texas and advises this court and defense counsel that defendant Isaac Alberto SIERRA has been deported from the United States as verified by the attached Warrant of Removal/Deportation.

Respectfully submitted,

JOHN G.E. MARCK
Acting United States Attorney

*Richard D. Hanes*
RICHARD D. HANES
Assistant United States Attorney
(713)567-9375

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was provided to counsel for the defendants on or before the date of filing.

*Richard D. Hanes*
RICHARD D. HANES
Assistant United States Attorney
(713)567-9375

# Department of Homeland Security

# FOR OFFICIAL USE ONLY

THE ATTACHED MATERIALS CONTAIN DEPARTMENT OF HOMELAND SECURITY INFORMATION THAT IS "FOR OFFICIAL USE ONLY," OR OTHER TYPES OF SENSITIVE BUT UNCLASSIFIED INFORMATION REQUIRING PROTECTION AGAINST UNAUTHORIZED DISCLOSURE.  THE ATTACHED MATERIALS WILL BE HANDLED AND SAFEGUARDED IN ACCORDANCE WITH DHS MANAGEMENT DIRECTIVES GOVERNING PROTECTION AND DISSEMINATION OF SUCH INFORMATION.

AT A MINIMUM, THE ATTACHED MATERIALS WILL BE DISSEMINATED ONLY ON A "NEED-TO-KNOW" BASIS AND WHEN UNATTENDED, WILL BE STORED IN A LOCKED CONTAINER OR AREA OFFERING SUFFICIENT PROTECTION AGAINST THEFT, COMPROMISE, INADVERTENT ACCESS AND UNAUTHORIZED DISCLOSURE.

1

MD 11042

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## WARRANT OF REMOVAL/DEPORTATION

Subject ID:399364441
File No: 076 934 006
Event No:MTG2507000756
Date: August 11, 2025

**To any immigration officer of the United States Department of Homeland Security:**

ISAAC ALBERTO SIERRA AKA: SIERRA VELEZ, ISAAC SIERRA
_____
(Full name of alien)

who entered the United States at    Laredo, TX _____    on **February 9, 1996**
                                    (Place of entry)                (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

[X] an immigration judge in exclusion, deportation, or removal proceedings

[ ] a designated official

[ ] the Board of Immigration Appeals

[ ] a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

212a6Ai;

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Secretary of Homeland Security under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:

Salaries and Expenses, Department of Homeland Security 2025

GABRIEL MARTINEZ
_____
(Signature of immigration officer)

(A) Deputy Field Office Director
_____
(Title of immigration officer)

August 11, 2025, Houston, Texas
_____
(Date and office location)

ICE Form I-205 (8/07)                                                    Page 1 of  2

en No: 076 934 006

To be completed by immigration officer executing the warrant: Name of alien being removed:

ISAAC ALBERTO SIERRA

Port, date, and manner of removal: IAO Charter /8/17/25 Flight #25-003160 AEX final MMSM



Photograph of alien
removed



Right index fingerprint
of alien removed

_____

(Signature of alien being fingerprinted)

_____

(Signature and title of immigration officer taking print)

Departure witnessed by:  _____

(Signature and title of immigration officer)

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____
_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here.  ☐

Departure Verified by:  Nayeli Ramirez  DO

(Signature and title of immigration officer)

ICE Form I-205 (8/07)

Page 2 of 2



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CONROE IMMIGRATION COURT**

Respondent Name:

    SIERRA, ISAAC ALBERTO

To:

    McGinley, Steven
    515 N Post Oak Lane
    Houston, TX 77024

A-Number:
076-934-006
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
07/29/2025

## ORDER OF THE IMMIGRATION JUDGE

☑ This is a summary of the oral decision entered on 07/29/2025. The oral decision in this case is the official opinion, and the immigration court issued this summary for the convenience of the parties.

☐ Both parties waived the issuance of a formal oral decision in this proceeding.

### I.  Removability

The immigration court found Respondent ☑ removable ☐ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA or Act): (237)(a)(1)(B) / (237)(a)(2)(E)(i)

The immigration court found Respondent ☐ not removable ☐ not inadmissible under the following Section(s) of the Act:

### II.  Applications for Relief

Respondent's application for:

A. Asylum/Withholding/Convention Against Torture

    ☐ Asylum was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☐ Withholding of Removal under INA § 241(b)(3) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☐ Withholding of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☐ Deferral of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☐ Respondent knowingly filed a frivolous application for asylum after notice of the consequences. *See* INA § 208(d)(6); 8 C.F.R. §1208.20

B. Cancellation of Removal

☐ Cancellation of Re͏ al for Lawful Permanent Residents u͏ INA § 240A(a) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Special Rule Cancellation of Removal under INA § 240A(b)(2) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

C. Waiver

☐ A waiver under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

D. Adjustment of Status

☐ Adjustment of Status under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

E. Other

**III.    Voluntary Departure**

☑ Respondent's application for ☑ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☑ denied.

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ granted, and Respondent is ordered to depart by                . The respondent must post a $ bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternate order of removal to taking effect immediately.

☐ The respondent is subject to the following conditions to ensure his or her timely departure from the United States:

☐ Further information regarding voluntary departure has been added to the record.

☐ Respondent was advised of the limitation on discretionary relief, the consequences for failure to depart as ordered, the bond posting requirements, and the consequences of filing a post-order motion to reopen or reconsider:

If Respondent fails to voluntarily depart within the time specified or any extensions granted by the DHS, Respondent shall be subject to a civil monetary penalty as provided by relevant statute, regulation, and policy. *See* INA § 240B(d)(1). The immigration court has set
☐    the presumptive civil monetary penalty amount of $3,000.00 USD
☐    $ USD instead of the presumptive amount.
If Respondent fails to voluntarily depart within the time specified, the alternate order of removal shall automatically take effect, and Respondent shall be ineligible, for a period of 10 years, for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Act, to include cancellation of removal, adjustment of status, registry, or change of

nonimmigrant status. *Id.*  Respondent files a motion to reop  ir reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of such a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.

If Respondent appeals this decision, Respondent must provide to the Board of Immigration Appeals (Board), within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if Respondent does not submit timely proof to the Board that the voluntary departure bond has been posted.

In the case of conversion to a removal order where the alternate order of removal immediately takes effect, where Respondent willfully fails or refuses to depart from the United States pursuant to the order of removal, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

### IV.    Removal

☑   Respondent was ordered removed to Mexico

☐   In the alternative, Respondent was ordered removed to

☐   Respondent was advised of the penalties for failure to depart pursuant to the removal order:

> If Respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

### V.    Other

☐ Proceedings were  ☐ dismissed  ☐ terminated with prejudice
    ☐ terminated without prejudice  ☐ administratively closed.

☐ Respondent's status was rescinded under INA § 246.

☐ Other:

Immigration Judge: Sapp, Billy 07/29/2025

Appeal:   Department of Homeland Security: ☑ waived   ☐ reserved

Respondent: ☐ waived   ☑ reserved

Appeal Due: 08/28/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : SIERRA, ISAAC ALBERTO | A-Number : 076-934-006

Riders:

Date: 07/29/2025 By: JAG, Court Staff